United States District Court
Southern District of Texas

**ENTERED**

July 13, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Kerin Fermin Paiz-Gavidia, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2338 |
| | § | |
| Kristi Noem, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Petitioner Kerin Fermin Paiz-Gavidia is a citizen of El Salvador who unlawfully entered the United States in 2017. Docs. 1 ¶¶ 2 & 14, 8 at 2. On January 5, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center in Conroe, Texas. Docs. 1 ¶¶ 1–2, 8-2. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates due process. [1]

Before the Court is Respondent's Motion for Summary Judgment, Doc. 8, to which Petitioner has responded in opposition, Doc. 9. Respondent maintains that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during his

---

[1] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 at 16–22. The Court assumes that Petitioner intends to raise due both due process challenges.

removal proceedings.[2] *See* Doc. 8 at 2; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, No. 4:26-CV-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[3]

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 13th of July, 2026.

Nicholas J. Ganjei
United States District Judge

---

[2] That Petitioner has been ordered removed by an Immigration Judge and elected to appeal that determination to the BIA, *see* Doc. 8 at 2, does not impact the statutory grounds for his continued detention: he remains an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) until his appeal concludes.

[3] To the extent Petitioner argues his present detention constitutes "arbitrary" government action violative of the Fifth Amendment's Due Process Clause, *see* Doc. 1 at 24, the Court also considered and rejected this argument, *id.* at *4 n.4.